| | |
|---|---|
| 1 | JEFFREY D. WOHL (Cal. State Bar No. 096838) |
| | ZINA DELDAR (Cal. State Bar No. 282637) |
| 2 | PAUL A. HOLTON (Cal. State Bar No. 313047) |
| | PAUL HASTINGS LLP |
| 3 | 101 California Street, 48th Floor |
| | San Francisco, California 94111 |
| 4 | Telephone: (415) 856-7000 |
| | Facsimile: (415) 856-7100 |
| 5 | jeffwohl@paulhastings.com |
| | zinadeldar@paulhastings.com |
| 6 | paulholton@paulhastings.com |
| 7 | Attorneys for Defendants |
| | Sodexo, Inc., and SDH Education West, LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO LARA CERRANO, on his own behalf and on behalf of all others similarly situated, | No. _____ |
| | **DECLARATION OF KELLY BARBARY IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION** |
| Plaintiffs, | |
| v. | Contra Costa Superior Court, No. C19-00763 |
| SODEXO, INC., a Delaware corporation; SDH EDUCATION WEST LLC, a Delaware LLC; and DOES 1 through 100, inclusive, | |
| Defendants. | |

BARBARY DECL. ISO REMOVAL
U.S.D.C., N.D. Cal., No. _____

LEGAL_US_W # 98525667.1

I, Kelly Barbary, declare:

1. I have been a Director, Project Management for Sodexo, Inc. ("Sodexo"), one of the defendants in this action, since August 2018. Before that, from 2013 to 2018, I was Senior Manager, Human Resources Management Systems. Altogether, I have worked for Sodexo in various project management and human resources positions for approximately 29 years. Through these positions, I am knowledgeable of the business operations of Sodexo and its affiliates, including SDH Education West, LLC ("SDH"), and have access to their California employee data records, which they maintain in the normal course of their business and rely upon for a variety of business and human resource functions. I make this declaration in support of defendants' Notice of Removal of Civil Action. I have personal knowledge of the facts set forth in this declaration, or know them in my capacity as an employee for Sodexo, based on records that Sodexo and SDH keep in the regular course of their business, and could and would competently testify to them under oath if called as a witness.

2. Sodexo is now, and was as of April 15, 2019, a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Maryland.

3. SDH is now, and was as of April 15, 2019, a limited liability company organized under the laws of the State of Delaware with its principal places of business in the State of Maryland. SDH is composed solely of Sodexo America, LLC, which is now, and was as of April 15, 2019, a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of Maryland. Sodexo America, LLC, in turn, is composed solely of Sodexo Management, Inc., which is now, and was as of April 15, 2019, a corporation organized under the laws of the State of New York with its principal place of business in the State of Maryland.

4. The majority of the core executive and major administrative functions of Sodexo's and SDH's constituent members, Sodexo America, LLC, and Sodexo Management, Inc., are carried out at Sodexo's headquarters located at 9801 Washingtonian Boulevard, Gaithersburg, Maryland. Specifically, communications, public relations, marketing, strategy, diversity, human resources, legal, and supply management (procurement) are directed out of Sodexo's headquarters. Additionally, Sodexo's corporate records are maintained at its headquarters.

///

5.  The corporate policies and operations of Sodexo and the aforementioned affiliated companies are formulated and carried out in Gaithersburg, and the initial and ultimate decisions concerning governance and oversight rests with the Board of Directors and high-level officers who are based out of Gaithersburg.

6.  Certain additional Sodexo corporate functions are shared between Sodexo's headquarters and Sodexo's financial service center located in New York. Those shared functions are finance, accounting, and internal control. None of these Sodexo corporate functions is performed in California.

7.  Sodexo and SDH maintain a regional office in California. This office, however, does not perform any of the core executive and administrative functions or major administrative operations in California.

8.  In connection with this lawsuit, Sodexo and SDH retrieved and I reviewed employee data records for non-exempt employees at issue in this action, including the records for plaintiff Antonio Lara Cerrano. These records are maintained by Sodexo and SDH in the ordinary course of business, and are deemed reliable by Sodexo and SDH in taking personnel and compensation actions based on the data. These records include each employee's hire and termination date (if any), work location, whether the employee was a full-time or part-time employee, and his or her final hourly wage rate.

9.  Since April 15, 2015, Sodexo and SDH have employed at least 19,680 non-exempt employees in positions in the State of California.

10. From April 15, 2016, to May 3, 2019, 14,801 non-exempt employees in California have separated from employment with Sodexo.

11. Of these 14,801 separated employees, 7,156 were full-time employees who, on average, worked 7.81 hours per day at an hourly wage rate at the time of termination of $14.62.

12. Of these 14,801 separated employees, 7,645 were part-time employees who, on average, worked 6.47 hours per day at an hourly wage rate at the time of termination of $12.62.

13. Using these figures, I calculated the amount of waiting-time penalties Sodexo could owe for separated full-time non-exempt employees to be $24,512,634.69: $14.62/hour (average hourly rate) x 7.81 hours (average hours daily) x 30 days x 7,156 (number of separated full-time non-exempt employees).

14. Using these figures, I calculated the amount of waiting-time penalties Sodexo could owe for separated part-time non-exempt employees to be $18,726,748.59: $12.62/hour (average hourly rate) x 6.47 hours (average hours daily) x 30 days x 7,645 (number of separated part-time non-exempt employees).

15. Based on the figures presented above, I calculated the total amount of waiting-time penalties Sodexo could owe to separated non-exempt employees to be $43,239,383.28 ($24,512,634.69 + $18,726,748.59).

I declare under penalty of perjury and the laws of the United States of America that the foregoing is true and correct.

Executed on May 13, 2019, at Phoenix, Arizona.

_Kelly Barbary_
Kelly Barbary