**BRADLEY/GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
Taylor L. Emerson, Esq. (SBN 225303)
2815 Townsgate Road, Suite 130
Westlake Village, California 91361
Telephone:   (805) 270-7100
Facsimile:   (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com
temerson@bradleygrombacher.com

**LAW OFFICES OF SAHAG MAJARIAN II**
Sahag Majarian II, Esq. (SBN 146621)
18250 Ventura Boulevard
Tarzana, California 91356
Telephone:   (818) 609-0807
Facsimile:   (818) 609-0892
sahagii@aol.com

Attorneys for Plaintiff and the Proposed
Class

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO LARA CERRANO, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SODEXO, INC., a Delaware corporation; SDH EDUCATION WEST, LLC, a Delaware LLC; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. Case 3:19-cv-02660-TSH<br><br>**CLASS ACTION**<br><br><u>**FIRST AMENDED**</u> **COMPLAINT FOR:**<br><br>1.  **Wage Statement Violations;**<br>2.  **Failure to Pay Wages at Time of Termination (California *Labor Code* §§ 201-203);**<br>3.  **Unfair Business Practices (*B & P Code* § 17200); and,**<br>4.  **Violation of California *Labor Code* §§ 2698, et. seq.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Antonio Lara Cerrano (hereinafter referred to as "Plaintiff"), hereby submits his <u>First Amended</u> Class Complaint against Sodexo, Inc., a Delaware Corporation; and Does 1-100 (hereinafter collectively referred to as "Defendants") on behalf of himself and the class of all other similarly situated current and former employees of Defendants as follows:

## INTRODUCTION

1.     This class action is within the Court's jurisdiction under California *Labor Code* §§ 201-203, 226a, and 2698-2699; California *Business and Professions Code* § 17200, *et seq*. (Unfair Practices Act).

2.     This complaint challenges systemic illegal employment practices resulting in violations of the California *Labor Code*, California *Business and Professions* Code, against employees of Defendants.

3.     Plaintiff seeks relief on behalf of himself and the members of the putative class as a result of employment policies, practices and procedures more specifically described below, which violate the California *Labor Code*, and the orders and standards promulgated by the California Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards, and which have resulted in the failure of Defendants to pay Plaintiff and the members of the putative class all wages due to them.  Said employment policies, practices and procedures are generally described as follows:

  a.     Failed to pay Plaintiff and the members of the putative class all wages owed at termination; and,

  b.     Failed to provide Plaintiff and members of the putative class with appropriate paychecks.

4.     Plaintiff is informed and believes and based thereon alleges Defendants have engaged in, among other things a system of willful violations of the California *Labor Code*, California *Business and Professions Code*, and applicable IWC wage orders by creating and maintaining policies, practices and

customs that knowingly deny employees the above stated rights and benefits.

5. The policies, practices and customs of Defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the structures of the California *Labor Code*, and California *Business and Professions Code*.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over the claims asserted herein individually and on behalf of the class pursuant to 28 U.S.C. §1332, as amended in February 2005 by the Class Action Fairness Act. Subject matter jurisdiction is proper because the amount in controversy in this class action exceeds seventy-five thousand dollars, exclusive of interest and costs.

7. Venue is proper because the Defendants do business in California and in Contra Costa County and the actions that gave rise to this action occurred in Contra Costa County.

## PARTIES

8. Plaintiff is a resident of Concord, California. He was a dishwasher at Saint Mary's College of California. Plaintiff was a non-exempt, hourly employee of Defendants who ceased employment for Defendants in approximately November 2018.

9. Plaintiff was a victim of the policies, practices and customs of Defendants complained of in this action in ways that have deprived him of the rights guaranteed to him by California *Labor Code* §§ 201-203, 226a, and 2699 and California *Business and Professions Code* §17200, *et seq*., (Unfair Practices Act).

10. Plaintiff is informed and believes and based thereon alleges that Defendant Sodexo, Inc. is a Delaware Corporation doing business in the State of California. Defendant Sodexo, Inc.'s corporate address is: 4640 Admiralty Way, Marina Del Rey, California 90292.

11.    Plaintiff is informed and believes and based thereon alleges that Defendant SDH Education West LLC was and is, upon information and belief, a Delaware LLC, with its executive offices in Maryland, which as designated a principal place of business in Bakersfield, California.  It has businesses and offices throughout the State of California, including Contra Costa County.

12.    Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendants and DOES 1 through 100, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

13.    As such and based upon information and belief Defendants' business in California, Defendants are subject to California *Labor Code* §§ 201-203, 226a, and 2699 and California *Business and Professions Code* §17200, *et seq*., (Unfair Practices Act).

14.    Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 100, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known.  Plaintiff is informed and believes and based thereon alleges that each of said fictitious Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

15.    At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

16.     Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein were the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and were acting within the course and scope of such agency, employment, joint venture, or concerted activity.  To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

17.     At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

18.     At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.  At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

19.     The members of the putative class, including the representative Plaintiff named herein, have been employed during the Class Period in California. The practices and policies which are complained of by way of this Complaint are enforced throughout the State of California.

## FACTUAL ALLEGATIONS

20.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

21.     This class action is brought on behalf of all California-based non-

exempt employees who were not properly paid all wages as required by the California *Labor Code*.   In addition, they were not provided with proper paychecks nor provided final wages in a timely manner.

22.   Plaintiff and the members of the putative class seek unpaid wages, penalties and other compensation from Defendants for the relevant time period because Defendants improperly:

a. Failed to pay Plaintiff and the members of the putative class all wages owed at termination; and,

b. Failed to provide Plaintiff and the members of the putative class with proper paychecks pursuant to California *Labor Code § 226*.

23.   Plaintiff alleges that the following violations occurred on a routine basis to him and the members of the putative class during their employment with Defendants:

***Failure to Provide Accurate, Itemized Wage Statements***

24.   At all times relevant hereto, California *Labor Code* § 226 and the applicable wage order required employers to maintain adequate employment records and provide employees with accurate itemized wage statements showing. Wage statements provided to Plaintiff and the members of the plaintiff class by Defendants do not show all wages earned in violation of California *Labor Code* § 226, applicable wage order, and the UCL.   Plaintiff alleges that the wage statements also contained the following violations (a) failure to identify the total hours on the wage statements; (b) Special pay premium does not show rate of pay and hours worked.  *For example*, see November 15, 2018 wage statement; (c) and Plaintiff's final wage statement dated November 29, 2018 does not show the hours worked and rate of pay.

***Defendants' Failure to Pay All Wages Due at Termination of Employment***

25.   At all times, relevant hereto, California *Labor Code* § 201 required an employer that discharges an employee to pay compensation due and owing to

said employee immediately upon discharge. California *Labor Code* § 202 requires an employer to pay an employee who quits any compensation due and owing to said employee within seventy-two (72) hours of an employee's resignation. California *Labor Code* § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required under Sections 201 and 202, then the employer is liable for waiting time penalties in the form of continued compensation for up to thirty (30) work days.   Defendants' failure to pay for all wages earned prior to termination constitutes additional violations of California *Labor Code* §§ 201-203.

26.    Defendants willfully and knowingly failed to pay Plaintiff and the members of the putative class, upon termination of employment, all accrued compensation.

27.    Plaintiff alleges that he was paid 63.00 hours of vacation upon termination.  However, Defendants' wage statement fails to provide the accrual for the prior pay period on November 21, 2018.  Plaintiff alleges that a he was paid a portion of his accrued but unused vacation, but he was not paid the entire amount owed.

28.    Plaintiff's last day of work was November 14, 2018. The Defendants' records show a termination date of November 19, 2018. Although a check for the final week of work was paid on November 20, 2018, the check for the period pay period of November 9-15 was not issued until November 21, 2018 in violation of California *Labor Code*.

***Facts Regarding Willfulness***

29.    Plaintiff is informed and believes, and based thereon alleges, that Defendants are and were advised by skilled lawyers, other professionals, employees with human resources background and advisors with knowledge of the requirements of California wage and hour laws.

30.    Plaintiff is informed and believes, and based thereon alleges, that at

all relevant times, Defendants had a consistent policy or practice of failing to properly compensate the members of the putative class, including Plaintiff.

***Plaintiff's Exhaustion of Administrative Remedies***

31.    Plaintiff has complied with the procedures for bringing suit specified in California *Labor Code* § 2699.3.

32.    By letter dated April 15, 2019, required notice to the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the California *Labor Code* alleged to have been violated, including the facts and theories to support the alleged violations.

33.    More than sixty-five (65) days have passed since the date the notice was mailed to Defendants and the LWDA.  No response from the LWDA has been received.

## CLASS ACTION ALLEGATIONS

34.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

35.    Plaintiff brings this action on behalf of himself and all others similarly situated as a class action, pursuant to California *Code of Civil Procedure* §382. The classes which Plaintiff seeks to represent are composed of, and are defined as follows:

>**Plaintiff Class:**
>
>All employees who were or are employed by Defendants during the Class Period (The Class Period is the period from four years prior to the filing of this action through and including the date judgment is rendered in this matter) in California as "non-exempt employees."  As used in this class definition, the term "non-exempt employee" refers to those who Defendants have classified as non-exempt from the overtime wage provisions of the California *Labor*

1    *Code*.

2

3    **Terminated Sub Class:**

4    All members of the Plaintiff Class, including trainees,

5    whose employment ended during the Class Period (The

6    Class Period is the period from four years prior to the filing

7    of this action through and including the date judgment is

8    rendered in this matter).

9    (collectively "Putative Class" or "Class Members.")

10    36.    **Reservation of Rights**: Pursuant to Rule of Court 3.765(b), Plaintiff

11    reserves the right to amend or modify the class definitions with greater specificity,

12    by further division into sub-classes and/or by limitation to particular issues.

13    37.    **Numerosity**: The class is so numerous that the individual joinder of

14    all members is impracticable. While the exact number and identification of class

15    members are unknown to Plaintiff at this time and can only be ascertained through

16    appropriate discovery directed to Defendants, Plaintiff is informed and believes

17    that the class includes potentially hundreds of members.

18    38.    **Commonality and Predominance**: Common questions of law and

19    fact exist as to all members of the class, which predominate over any questions

20    affecting only individual members of the class.  These common legal and factual

21    questions, which do not vary from class member to class member, and which may

22    be determined without reference to the individual circumstances of any class

23    member, include, but are not limited to, the following:

24        a.  Whether the members of the Putative Class that are no

25            longer employed by the Defendants are entitled to penalties

26            pursuant to California *Labor Code* §203;

27        b.  Whether Plaintiff and the members of the Putative Class

28            sustained damages, and if so, the proper measure of such

damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief;

c.  Whether Defendants failed to issue appropriate wage statements to Plaintiff and the members of the Putative Class; and

d.  Whether Defendants' conduct as alleged herein violates the Unfair Business Practices Act of California, *Bus. & Prof. Code* § 17200, *et seq*.

39.  **Typicality**: The claims of the named Plaintiff are typical of the claims of the members of the Putative Class. Plaintiff and the members of the Putative Class sustained losses, injuries and damages arising from Defendants' common policies, practices, procedures, protocols, routines, and rules which were applied to members of the Putative Classes as well as Plaintiff. Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by the members of the Putative Class.

40.  **Adequacy**: Plaintiff is an adequate representative of the Putative Class because he is a member of the classes, and his interests do not conflict with the interests of the members he seeks to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and his counsel intend to prosecute this action vigorously for the benefit of the classes. The interests of the Putative Classes will fairly and adequately be protected by Plaintiff and his attorneys.

41.  **Superiority**: A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Putative Classes is impracticable. It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individuals, repetitive lawsuits. Further, individual litigation presents the potential for inconsistent or

contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims. By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

42.    The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the California Code of Civil Procedure § 382 because:

a.    The prosecution of separate actions by hundreds of individual Putative Class Members would create a risk or varying adjudications with respect to individual Putative Class Members, thus establishing incompatible standards of conduct for Defendants, and

b.    The prosecution of separate actions by individual Putative Class Members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other Putative Class Members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party Putative Class Members to protect their interests.

///

///

## **FIRST CAUSE OF ACTION**

## **WAGE STATEMENT VIOLATIONS**

### **(By Plaintiff and the Members of the**
### **Putative Class Against All Defendants)**

43.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

44.    *California Labor Code § 226*(a) states:

"An employer, semimonthly or at the time of each payment of wages, shall furnish to his or his employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or his social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California. For purposes of this subdivision, 'copy' includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

45.    The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize the "detachable part of the check" provision and the "accurate itemized statement in writing" provision of California *Labor Code § 226*(a) by allowing for electronic wage statements so long as each employee retains the right to elect to receive a written paper stub or record and that those who are

provided with electronic wage statements retain the ability to easily access the information and convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion Letter July 6, 2006).

46.    Section 226(a) of the California *Labor Code* requires defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiff. Defendants have knowingly and intentionally failed to comply with *Labor Code* §226(a) on each and every wage statement that should have been provided to Plaintiff. By failing to keep adequate records as required by §§226 and 1174(d) of the California *Labor Code*, defendants have injured Plaintiff and made it difficult to calculate the unpaid wages earned, and losses and expenditures not indemnified by defendants (including wages, interest, and penalties thereon) due to Plaintiff.

47.    Section 1174 of the California *Labor Code* requires Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed, payroll records showing the hours worked daily by and the wages paid to its employees. Defendants have knowingly and intentionally failed to comply with California *Labor Code* § 1174. Defendants' failure to comply with California *Labor Code* § 1174 is unlawful pursuant to California *Labor Code* § 1175.

48.    IWC Wage Orders 4-2001(7), 4-2000(7), require defendants to maintain time records showing, among other things, when the employee begins and ends each work period, meal periods, split shift intervals and total daily hours worked in an itemized wage statements, and must show all deductions and reimbursements from payment of wages, and accurately report total hours worked by Plaintiff.

49.    Defendants violated this section as to Plaintiff and Putative Class Members by providing them with inaccurate and/or incomplete wage statements. Specifically, Defendants failed to accurately specify the total regular and/or

overtime hours worked, and failed to specify the hourly rate, making it difficult to calculate total wages earned and due.

50.    Plaintiff requests relief as described herein and below.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY WAGES AT TIME OF TERMINATION

### (California *Labor Code* §§ 201-203)

### (By Plaintiff and Members of the Terminated

### Sub Class Against All Defendants)

51.    Plaintiff alleges and incorporates all preceding paragraphs as though fully set forth herein.

52.    At all times, relevant herein, Defendants were required to pay their employees all wages owed in a timely fashion during and at the end of their employment, pursuant to California *Labor Code* §§ 201-203.

53.    At all relevant times, pursuant to California *Labor Code* § 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

54.    At all relevant times, pursuant to California *Labor Code* § 202, employees who have resigned after giving at least seventy-two (72) hours' notice of resignation have been entitled to payment of all final wages at the time of resignation.

55.    As a pattern and practice, Defendants regularly failed to pay Plaintiff and members of the Terminated Sub Class their final wages pursuant to California *Labor Code* §§ 201-203, and accordingly owe waiting time penalties pursuant to California *Labor Code* § 203.

56.    The conduct of Defendants and their agents and managerial employees as described herein was willful, and in violation of the rights of Plaintiff and the individual members of the Terminated Sub Class.

57.    Plaintiff is informed and believes, and based thereon alleges, that

Defendants' willful failure to pay wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff and the members of the Putative Class who have separated from employment are entitled to compensation pursuant to California *Labor Code* § 203.

### THIRD CAUSE OF ACTION

### UNFAIR COMPETITION: CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200

**(By Plaintiff and the Members of the Putative Class, Against All Defendants)**

58.    Plaintiff alleges and incorporates all preceding paragraphs as though fully set forth herein.

59.    Section 17200 of the California *Business and Professions Code* prohibits any unlawful, unfair or fraudulent business act or practice.

60.    Plaintiff brings this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described herein. Plaintiff and the members of the Putative Class have suffered, and continue to suffer, injury in fact and monetary damages because of Defendants' actions.

61.    The actions by Defendants as herein alleged amount to conduct, which is unlawful and a violation of law. As such, said conduct amounts to unfair business practices in violation of California *Business and Professions Code* § 17200, *et seq.*

62.    Defendants' conduct as herein alleged has damaged Plaintiff and the members of the Putative Class by denying them wages due and payable, and by failing to pay all wages due in a timely manner at the time of termination (for the Terminated Sub Class). Defendants' actions are thus substantially injurious to Plaintiff and the members of the Putative Class, causing them injury in fact and loss of money.

63.    Because of such conduct, Defendants have unlawfully and unfairly obtained monies due to the Plaintiff and the members of the Putative Class.

64.    All members of the Putative Class can be identified by reference to payroll and related records in the possession of the Defendants. The amount of wages due Plaintiff and the members of the Putative Class can be readily determined from Defendants' records.   The Class Members are entitled to restitution of monies due and obtained by Defendants during the Class Period as a result of Defendants' unlawful and unfair conduct.

65.    During the Class Period, Defendants committed, and continue to commit, acts of unfair competition as defined by § 17200, *et seq.*, of the Business and Professions Code, by and among other things, engaging in the acts and practices described above.

66.    Defendants' course of conduct, acts, and practices in violation of the California law as mentioned in each paragraph above constitutes a separate and independent violation of § 17200, of the *Business and Professions Code*.

67.    The harm to Plaintiff and the members of the Putative Class of being wrongfully denied lawfully earned and unpaid wages outweighs the utility, if any, of Defendants' policies and practices and, therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of *Business and Professions Code* § 17200.

68.    Defendants' conduct described herein threatens an incipient violation of California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise significantly threatens or harms competition.

69.    Defendants' course of conduct described herein further violates California *Business and Professions Code* § 17200 in that it is fraudulent, improper, and unfair.

70.    The unlawful, unfair, and fraudulent business practices and acts of Defendants as described herein-above have injured Plaintiff and the members of

the Putative Class in that they were wrongfully denied the timely and full payment of wages due to them.

## FOURTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA *LABOR CODE* §§ 2698, *et seq.*

## (PAGA)

**(Plaintiff and Other Aggrieved Employees Against All Defendants)**

71.     Plaintiff incorporates all preceding paragraphs as though fully set for herein.

72.     PAGA permits Plaintiff to recover civil penalties for the violation(s) of the California *Labor Code* sections enumerated in California *Labor Code* §2699.5.

73.     PAGA provides as follows: "[n]otwithstanding any other provision of law, a Plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part."

74.     Defendants' conduct, as alleged herein, violates numerous sections of the California *Labor Code* including, but not limited to, the following:

      a.   Failed to pay Plaintiff and other aggrieved employees all wages owed at termination; and,

      b.   Failed to provide adequate wage statements to Plaintiff and other aggrieved employees.

76.     California *Labor Code* § 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.   California *Labor Code* section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.   The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

77.     California *Labor Code* §226(a) sets forth reporting requirements for

employers when they pay wages, as follows:

"Every employer shall . . . at the time of each payment of wages, furnish his or her employees . . . an itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee . . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis. . .. (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer."

Section (e) provides:

"An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period,  not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorneys' fees."

78.    California *Labor Code* § 1174 provides that "[e]very person employing labor in this state shall … [k]eep a record showing the names and addresses of all employees employed and the ages of all minors" and "[keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments…"

79.    California *Labor Code* §204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are

due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.  California *Labor Code* section 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

80.    California *Labor Code* § 558(a) provides "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee."  Labor code section 558(c) provides "[t]he civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law."

81.    Defendants, at all times relevant to this complaint, was employers or persons acting on behalf of an employer(s) who violated Plaintiff and other aggrieved employees' rights by violating various sections of the California *Labor Code* as set forth above.

82.    As set forth above, Defendants have violated numerous provisions of both the Labor Code sections regulating hours and days of work as well as the applicable order of the IWC.  Accordingly, Plaintiff seeks the remedies set forth in California *Labor Code* § 558 for herself, the State of California, and all other

aggrieved employees.

83.     Pursuant to PAGA, and in particular California *Labor Code* §§ 2699(a), 2699.3, 2699.5, Plaintiff, acting in the public interest as a private attorney general, seeks assessment and collection of unpaid wages and civil penalties for Plaintiff, all other aggrieved employees, and the State of California against Defendants, in addition to other remedies, for violations of California *Labor Code* Sections 201-203 and 226a.

84.     California *Labor Code* § 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. California *Labor Code* § 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

85.     California *Labor Code* § 204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month. California *Labor Code* section 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

86.     During the relevant time period, Defendants failed to pay Plaintiff and the aggrieved employees all wages due to them including, but not limited to, overtime wages, all wages due, and meal and rest period premium wages, within any time period specified by California *Labor Code* § 204.  During the relevant time period, Defendants failed to pay Plaintiff and other aggrieved employees all wages due to them including, but not limited to, overtime wages, minimum wages,

meal and rest period premium wages, within any time period specified by California *Labor Code* § 204.

87.    Plaintiff has complied with the procedures for bringing suit specified in California *Labor Code* § 2699.3 and SB 836.  By letter dated April 15, 2019, Plaintiff, on behalf of herself and the other aggrieved employees, pursuant to California *Labor Code* § 2699.3 and SB 836, gave written notice by electronic submission to the Labor and Workforce Development Agency ("LWDA") and certified mail to Defendant of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

88.    More than 60 days has passed since the April 15, 2019 Notice to the LWDA and no response has been received.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and on behalf of the members of the Putative Class, pray for judgment against Defendants as follows:

1.    For an order certifying the proposed Putative Class;

2.    For nominal damages;

3.    Certification of this class action on behalf of the proposed Putative Class;

4.    Designation of Plaintiff as the class representative of the Putative Class;

5.    An award of statutory penalties pursuant to California *Labor Code* §§ 203, 1174.5, and 2698-99 and California *Business & Professions Code* §17206, subject proof at trial;

6.    An award of waiting time penalties as to those class members who quit or have been discharged, pursuant to California *Labor Code* §203, subject proof at trial;

7.    An award of restitution of all amounts owed and unpaid overtime,

CLASS ACTION FIRST AMENDED COMPLAINT

minimum wage compensation and interest thereon, in an amount to be proved at trial, pursuant to California *Business & Professions Code* §17203;

8. Disgorgement of profits and all other appropriate equitable relief authorized by California *Business & Professions Code* § 17203;

9. Prejudgment and post judgment interest on all sums awarded;

10. Attorneys' fees and litigation expenses in an amount the Court determines to be reasonable, pursuant to California *Labor Code* §§ 2699 (g) (1) and Cal. *Code of Civil Procedure* §1021.5, and any other such provision as may be applicable;

11. An award of attorneys' fees and costs, as allowed by law, including an award of attorneys' fees and costs pursuant to California Civil Code §§ 1785.31(a), 1786.50, and California *Code of Civil Procedure* § 1021.5;

12. For penalties as permitted by the California *Labor Code*, and the regulations, standards and applicable wage orders promulgated thereunder, specifically including, but not limited to, penalties permitted by California *Labor Code* §§ 203, 226.3, 2699;

13. Costs of suit; and,

14. Such other and further relief as is equitable, just, and proper.

DATED:  June 24, 2019      **BRADLEY/GROMBACHER, LLP**
**LAW OFFICES OF SAHAG MAJARIAN II**


By:  */s/Marcus J. Bradley*
Marcus J. Bradley, Esq.
Kiley L. Grombacher, Esq.
Taylor L. Emerson, Esq.
Sahag Majarian II, Esq.
Attorneys for Plaintiff

CLASS ACTION FIRST AMENDED COMPLAINT

## <u>JURY DEMAND</u>

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

DATED:  June 24, 2019          **BRADLEY/GROMBACHER, LLP**
                               **LAW OFFICES OF SAHAG MAJARIAN II**


                               By:   */s/Marcus J. Bradley*
                                      Marcus J. Bradley, Esq.
                                      Kiley L. Grombacher, Esq.
                                      Taylor L. Emerson, Esq.
                                      Sahag Majarian II, Esq.
                                      Attorneys for Plaintiff

CLASS ACTION FIRST AMENDED COMPLAINT